VENDITIONI EXPONAS. The sheriff returned that he sold the land on the 25th of May, 1841, to Wm. Nickerson, for $460, subject to a judgment at the suit of J. M. Clayton vs. defendant, in the Superior Court, entered on the 23d of August, 1838, and not sufficient. By leave the sheriff amended this return thus: that he sold the land to Nickerson for $1265 44, and the purchaser to pay that amount to the sheriff, and await the decision of the court as to whether the land is still subject to Mr. Clayton's judgment; if so, all but $460 to be paid back to him; if not, the sheriff to retain the whole amount, and pay that judgment out of it. And the sheriff prayed the direction of the court on this subject.
Bates, for the defendant obtained a rule to show cause why the sale should not be set aside, because the land was sold subject to this judgment, and not discharged of it.
J. M. Clayton, for the purchaser, now showed cause. The question is, whether the sheriff selling land on a junior judgment, where there is an older judgment not yet due, shall sell discharged of this judgment, and apply the proceeds to it, or shall sellsubject to the judgment. It seems to me he must sellsubject for these reasons: — 1st. To apply the proceeds to the judgment not yet due, is a violation of the contract between the debtor and creditor, the former of whom is not bound to pay, nor the latter to receive the amount of the judgment before the day fixed by their contract. And as the creditor cannot be compelled to receive the money, what must become of it? Suppose the judgment not due for ten years, must the sheriff keep it and pay interest on it? And what security has the creditor in the meantime? The sheriff's recognizance is flatly barred in six years, and before the judgment is due the creditor's security is gone. 2d. It has been decided that if land be sold under a mortgage, and there is an elder mortgage, the land must be sold subject to such elder mortgage. This may have proceeded on the ground that a mortgage was supposed to divest title; and yet it is uniformly held that it is a mere security for the payment of money. (Ante 280.) The purchaser at sheriff's sale holds the land "as fully and amply and for such estate, c." as the debtor did. (Digest 205.) How *Page 371 
did Wallace hold? Subject to my judgment. He could not pay the judgment, nor could I compel him to pay it.
Bates and Frame, contra. — This land has been sold in a different manner from that in which land has always heretofore been sold. The sheriff proclaimed at the sale that it was sold subject to a judgment of J. M. Clayton, amounting to $805 44. On these terms the land sold for $460. It has always been held that a sale on a judgment discharged the land of all other judgments prior or subsequent, and the proceeds are applicable to the judgments in the order of their priority of date, whether due or not. The defendant did not assent to this mode of sale, and no one had the right to say for him what sum was clue on this judgment, or to sell his land subject to it. If the land is to be sold subject to a judgment, the amount of which is proclaimed, it must be equally subject to all other judgments in a like condition, whether proclaimed or not; and this at once renders sales by sheriffs liable to all the danger of secret liens, and diminishes the value of the land; for the land always sells better clear of liens.
In the case of Vickory vs. Vickory, the sheriff sold the land of W. Vickory, expressly subject to a recognizance in the Orphans' Court. The heirs brought suit against the purchaser under the recognizance and failed, because the court held that the sheriff could not sell the land subject. The heirs then sued the sheriff and recovered. And the sheriff filed a bill in chancery against the purchaser and failed. (1 Harr. Rep. 193.) If it has been the uniform practice to pay off all prior judgments out of the sales of land, the case must have often happened of the payment of judgments not due.
Again: the land could not be sold subject to any thing, because it was not levied on, subject; nor inquired on, subject. The sale could not he otherwise than according to the levy. If this sale be correct, the inquiry should have been held in the same way; and then in the case put by the other side of a judgment not due for ten years, the land would rent in seven years to pay the younger judgments, and there could have been no sale at all. If the defendant is to be subjected to the injury of having his land sold subject to the old judgment not yet due, he ought to have the benefit of having an inquiry held in the same way.
As to its violating contracts, these bonds are payable on or before a certain day; the debtor cannot be compelled to pay sooner than the day agreed on, but he may pay sooner if he choose.
There is no mode of compelling judgment creditors to exhibit the *Page 372 
amount of their liens, and every sale must be subject to the depreciating apprehension of secret liens. If this sale was illegal it must be set aside, though the amount of the judgment was stated and the purchaser is willing to pay it.
The sheriff was now sworn, and proved that the defendant consented to and desired the sale in this way, to save the sheriff's dollarage.
J. M. Clayton, in reply. — The amended return settles every question as to the setting aside the return; for the land was sold and the purchaser and sheriff are both authorized to consider it as a sale for $460, subject; or $1,205 44 clear of the judgment. And the sheriff has actually received from the purchaser the whole amount of $1,265 44, and now asks the direction of the court as to which mode the law requires the sale to be made, in order to apply the money accordingly. And all this was by the consent of all parties, and by the request of the defendant, who now objects to it.
But as to the legal question, the case of Vickory andVickory does not settle this question. In that case the recognizance was due, and it having been decided by the Court of Errors and Appeals, in the case of Jaquett vs.Lewden, that a recognizance in the Orphans' Court is a lien from its caption, it was just like an older judgment due at the time, and which all agree must be paid. There is nothing in the idea that the sale subject was void because there was no levy subject. In the common case of a mortgage to which the land is always sold subject, there is no instance of a levy or inquiry subject to the mortgage.
The Court. — It appears from the case of the State use ofVickory vs. Vickory, decided in the late High Court of Errors and Appeals, that before that time a sheriff's sale was uniformly regarded as removing all judgment liens, and that the proceeds of sale were to be applied to judgments in the order of their preference. That case went further and applied the same law to recognizances in the Orphans' Court, without any distinction, as it appears to us, between recognizances clue and those not due. But as to judgments, it has been uniformly considered that they were discharged by the sale; and the sheriff has no right to sell subject to judgments whether due or not clue.
It is the policy of the law to disencumber lands as much as possible from all liens, which a sale could possibly remove; and though there may be some inconveniences in the application of the proceeds of sale to prior judgments, it seems to us the inconveniences must he much greater in selling subject to prior judgments; even those *Page 373 
which do not happen to he due at the time of sale. At all events, we are not disposed to change what has been considered the law on this subject; and though this case presents strong reasons, independently of this question, to support the sheriff's sale: though the mode of sale adopted appears to have been with a view to benefit the defendant; we consider the sale illegal, and it must be set aside. We cannot say that a sale different from the usual mode may not have prejudiced the defendant; and it will be better to preserve uniformity in the practice and decisions on this subject, than to give way in a particular case for the sake of what appears to be the justice of that case.
 Rule absolute, and sale set aside.